UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA. | : | Crim. No. 08-763 (DMC) |
| v. | : | Hon. Dennis M. Cavanaugh |
| MICHAEL KAUFMAN, and DAVID WYNN. | : : | CONSENT ORDER FOR CONTINUANCE |

This matter having been opened to the Court by Paul J. Fishman, United States Attorney for the District of New Jersey (Bohdan Vitvitsky and Zach Intrater, Assistant U.S. Attorneys, appearing) and defendants Michael Kaufman (Robert J. DeGroot, Esq., appearing) and David Wynn (Stephen N. Dratch, Esq., appearing) for an order granting a continuance of the proceeding in the above-captioned matter for a period of 160 days from November 30, 2010, to May 9, 2011; the Defendants being aware that pursuant to 18 U.S.C. § 3161 (the "Speedy Trial Act") they have a right to stand trial within 70 days from the filing date of the Superseding Indictment or from the dates on which the Defendants appeared before a judicial officer of the court in which the Superseding Indictment is pending, whichever date occurs last; and the Defendants through their respective attorneys having in open court on November 30, 2010 waived such rights and consented to the continuance; and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that the continuation of this action serves the ends of justice insofar as it outweighs the best interest of the public and the Defendants in a speedy trial; and

IT IS FURTHER THE FINDING OF THIS COURT that the ends of justice are served by

a continuance of this action for the following reasons:

1. On November 24, 2010, defendant Wynn filed a motion seeking a continuance for the purpose of obtaining expert opinion regarding certain signatures. The Court issued an Order dated November 29, 2010, denying said motion. On November 30, 2010, the Court reconsidered its ruling and granted the motion. As a result, pursuant to 18 U.S.C. § 3161(h)(1)(D), the time including and between November 24, 2010, and November 30, 2010, are excludable for purposes of computing time under the Speedy Trial Act;

2. The charges in this case are the result of a lengthy investigation, the discovery involves a voluminous amount of discovery including multiple versions of documents with multiple signatures that defense counsel requires adequate time to review;

3. Taking into account the exercise of due diligence, therefore, the facts of this case require that defense counsel be permitted a reasonable amount of additional time for effective preparation in this matter;

4. The case is sufficiently complex that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits provided by the Speedy Trial Act;

5. Defendants have requested the aforementioned continuance;

6. The grant of a continuance will likely conserve judicial resources;

7. Pursuant to Title 18 of the United States Code, Section 3161(h)(7), the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendants in a speedy trial; and

8. This is the twelfth continuance order sought by the parties.

WHEREFORE, IT IS on this __6__ of __Dec__, 2010,

ORDERED that the proceedings in the above-captioned matter are continued for the 160 day period between November 30, 2010, and May 9, 2011; and

IT IS FURTHER ORDERED that the period between November 30, 2010, and May 9, 2011, shall be excludable in computing time under the Speedy Trial Act; and

IT IS FURTHER ORDERED that trial in this matter is scheduled for __MAY 2, 2011__ at __9:00 AM__.

_____
Hon. DENNIS M. CAVANAUGH
United States District Judge